Cause No. 153-270690-14

Allen "F" Calton
        Plaintiff

V

Steve Schiller, Sharon Keller, Terrie Livingston, Louis Sturns
        Defendants

In The District Court

153rd Judicial

Tarrant County, Texas

FILED IN
2nd COURT OF APPEALS
FORT WORTH, TEXAS
8/17/2015 3:06:06 PM
DEBRA SPISAK
Clerk

THOMAS A WILDER DISTRICT CLERK
2015 AUG 17 AM 11: 58
TARRANT COUNTY
FILED

## Plaintiff's Notice Of Appeal

Now Comes, Plaintiff Allen "F" Calton, and files this his Notice of Appeal of the 153rd Judicial Court of Tarrant County Judgments described below. Plaintiff is hereby giving notice of his desire to Appeal The Following Judgments and/or orders in reference to Cause No. 153-270-690-14. Said Appeal is being made to the Second District of Texas Court of Appeals, styled Allen "F" Calton V Steve Schiller, et al. Specifically Plaintiff is appealing the Following (1) The 5-21-14 order granting Defendants Sharon Keller, Terrie Livingston and Louis Sturns motion To Dismiss (2) The 12-1-14 order Denying Plaintiff's motion For Appointment of Counsel, (3) The 6-1-15 order granting Defendant Steve Schiller motion To Dismiss Pursuant to Chapter 14 of the Tex. Civ. Prac and Rem. Code, (4) The 6-24-15 order Denying Plaintiff motion To Supplement His Ninth Amended Complaint, and (5) Date unknown of the order

Plaintiffs Notice Of Appeal page 1 of 2

denying Plaintiff's motion For Leave To Amend and Supplement His Pleading with the Ninth Amended and/or the courts Refusal to Rule which Plaintiff timely objected.

Respectfully Submitted,

Allen "F" Calton

## Certificate Of Service

I hereby certify that a copy of the foregoing was first class mailed to Defendants Attorney Christopher Ponder 401 W. Belknap St, Ft Worth, TX. 76196 and David A. Harris P.O. Box 12548, Austin, TX. 78711 on 8-12-15.

Allen "F" Calton

Plaintiff's Notice Of Appeal page 2of2

067-270690-14

## CAUSE NO. 067-270690-14

| | | |
|---|---|---|
| ALLEN F. CALTON, | § | IN THE DISTRICT COURT |
|     *Plaintiff*, | § | |
| | § | |
| v. | § | OF TARRANT COUNTY, TEXAS |
| | § | |
| STEVE SCHILLER et al., | § | |
|     *Defendants*. | § | 67th JUDICIAL DISTRICT |

## JUDGMENT

On this the 21st day of *May*, 2014 came on to be heard the Motion to Dismiss of Defendants Keller, Livingston, Cayce, Gill and Sturns. After reviewing the pleadings on file herein, the Court is of the opinion that said Motion is well taken and should be granted.

**IT IS THEREFORE ORDERED ADJUDGED AND DECREED THAT** the Motion to Dismiss of Defendants Keller, Livingston, Cayce, Gill and Sturns be and is hereby **GRANTED**.

**IT IS FURTHER ORDERED ADJUDGED AND DECREED THAT** Plaintiff's cause of action be and is hereby dismissed with prejudice to the refiling of same in any form.

**IT IS FINALLY ORDERED ADJUDGED AND DECREED THAT** any relief not specifically granted be and is hereby denied, and that this is a final judgment.

SIGNED this the 21st day of *May*, 2014.

_____
JUDGE PRESIDING

Copies mailed & e-mailed 5-21-14
KwJ

**Court's Minutes
Transaction #83**
KwJ

Cause No. 153-270680-14

Allen "F" Calton                    In The District Court
        Plaintiff

    v

                                153rd Judicial Court

Steve Schiller
        Defendant            Tarrant County, Texas

~~Proposed~~ order, DENYING Appoint of Counsel For Allen Calton

After considering Plaintiff's motion For Appointment of Counsel To Represent Plaintiff in the above styled and numbered Cause, The Court is in the opinion that the following order shall issue.

It is hereby ordered that Plaintiff's motion For Appointment of Counsel For Plaintiff to be represented in this Civil Action is ~~granted~~ DENIED, and the Court Appoints Counsel to Represent The Plaintiff is also DENIED.

                                    presiding Judge
                                    12/1/2013

clm.T

## CAUSE NO. 153-270690-14

| | | |
|---|---|---|
| ALLEN "F" CALTON | § | IN THE DISTRICT COURT OF |
| | § | |
| VS. | § | TARRANT COUNTY, TEXAS |
| | § | |
| STEVE SCHILLER, ET AL. | § | 153RD JUDICIAL DISTRICT |

### ORDER GRANTING DEFENDANT STEVE SCHILLER'S MOTION TO DISMISS PURSUANT TO CHAPTER 14 OF THE TEXAS CIVIL PRACTICE & REMEDIES CODE

On the _1st_ day of _June_, 2015, Defendant Steve Schiller's Motion to Dismiss Pursuant to Chapter 14 of the Texas Civil Practice & Remedies Code came before the court. After reviewing the motion, response and reply filed by the parties, the Court finds that Defendant's Motion to Dismiss is well taken and is GRANTED and the claims against Defendant Steve Schiller are hereby DISMISSED with prejudice.

SIGNED _June 1st_, 2015.

_____
JUDGE PRESIDING

REC/CT 6/4/15

ORDER GRANTING DEFENDANT STEVE SCHILLLER'S MOTION TO DISMISS PURSUANT TO CHAPTER 14 OF THE TEXAS CIVIL PRACTICE & REMEDIES CODE
(Cause No. 153-270690-14; Calton v. Schiller) - PAGE 1

Court's Minutes
Transaction # 367

Cause No. 153-270690-14

Allen "F" Calton,
Plaintiff

v.

Steve Schiller, et al
Defendants

In The District Court

153rd Judicial

Tarrant County, Texas

Order ~~and Judgment Granting~~ **DENYING** Plaintiffs motion To Supplement His Ninth Amended Complaint

After considering Plaintiffs motion To supplement his Ninth Amended Complaint The court is in the opinion that the following order will issue.

It is hereby ordered that Plaintiff's motion to Supplement His Ninth Amended Complaint is ~~Granted~~ **DENIED.**

Susan McCoy
Judge Presiding

6/24/2015

Cause No. 153-270690-14

Allen "F" Calton
Plaintiff

v

Steve Schiller, etal
Defendants

FILED
TARRANT COUNTY
2015 JUL -2 AM11:15
THOMAS A. WILDER
DISTRICT CLERK

In The District Court

153rd Judicial

Tarrant County, Texas

Plaintiff's Omnibus Motion For New Trial under Tex. R. Civ. P. 320 and/or Motion For Reconsideration under Fed. R. Civ. P. 60(b)(1) or 60(b)(6)

Now Comes, Plaintiff Allen "F" Calton and files this his Omnibus motion For New Trial Pursuant To Tex. R. Civ. P. Rule 320 and/or motion For Reconsideration under Fed. R. Civ. P. Rules 60(b)(1) or 60(b)(1). will show in support As Follows.

## I

## Standard of Review

State Courts have jurisdiction to hear claims based on federal Civil Rights statutes. See Howlett v Rose 496 U.S. 356, 378 n.20 (1990) And must Apply federal law in doing so. Id at 375-78 (State Immunity Rules Do Not Apply in state Courts § 1983 action); Felder v Casey 487 U.S. 131, 151 (1988) (State Notice of Claim requirement does not apply in state Court § 1983 action. New Trials may be granted in certain instances, such as "to a party for sufficiency or weight of the evidence when damages are manifestly

Plaintiff's motion For New Trial T.R.C.P. 320 page 1 of 26

too small or too large, and for good cause. see In Re Columbia med. Ctr. of Las Colinas Subsidary, L.P. 290 SW3d 204, 210 (Tex 2009) (citing T.R.C.P. 320, 326).

Although the Fed. R. Civ. P. do not expressly recognize motions for reconsideration. See Bass v United States Dept. of Agriculture 211 F3d 959, 962 (5th Cir 2000) Instead such motions are treated typically as motions to alter or amend a Judgment under F. R.C.P. 59 (e) or motions for Relief from judgments, or orders under F.R.C.P. Rule 60 (b). Motions for reconsideration not filed within the ten day period set by Rule 59 (e) will be examined under 60 (b). see Texas A and M Research Found v Magna Transp. Inc 338 F3d 394, 400 (5th Cir 2003)

Under Rule 60 (b)(1) relief from a Judgment or order may be granted for mistake by any person, not just a party. See Associated Discount Corp v Goldman 524 F2d 1051 (3d Cir 1975). As confirmed by the certificate of service in Plaintiff's Ninth Amended Complaint, which was turned over to prison officials on 5-29-15 and should have in all probability made it to the Clerk's office on or before 6-1-15. and therefore would have been considered by the Court in resolution of Steve Schiller's motion To Dismiss. But due to prison officials delay in processing prisoner's mail and turning the same over to the U.S. Postal service and/or The Clerk's office untimely filing of said §1983

Plaintiff's motion for New Trial T.R.C.P. 320 page 2 of 26

complaint. Was the mistake made by prison officials or the Clerk's office that resulted in Plaintiff's complaint reaching the court in such an untimely manner that it couldn't be considered by the court in the court's resolution of Mr. Schiller's Motion To Dismiss. See Plaintiff's Affidavit In Support Of His motion For New Trial (herein after will be refered to as affidavit) at pages 1 and 2 paragraphs 2 and 3. Plaintiff has no control over Prison officials timely screening of prison mail or when prison officials turn the mail over to the possession of the U.S. Postal service. See Affidavit at pages 2 and 3 paragraphs 7 and 8.

Under Rule 60 (b)(6) relief from judgment or order may be permitted to further the interests of justice if such relief will not affect the substantial rights of the parties. This catch all provision generally requires a showing of actual injury and the presence of circumstances beyond the movant's control that prevented timely action to protect his interests. See Lehman v United States 154 F3d 1010, 1017 (9th Cir 1998). As noted above whether it was the prison officials delay in turning the envelope containing the Ninth Amended §1983 complaint over to the U.S. Postal service or the clerk's office delay in filing the complaint. IS a circumstance clearly beyond Plaintiff's control. Once plaintiff places his legal pleadings in the prison mail box he's at the mercy of prison officials to forward it on to the U.S. Postal service. See Affidavit at

Plaintiff's motion For New Trial T.R.C.P. 320 page 3 of 26

pages 2 and 3 paragraphs 7 and 8. As a result of the untimely filing of the Ninth Amended §1983 Complaint on 6-15-15 with the papers of the Court in reference to the above styled and numbered cause resulted in injury to the Plaintiff. Because the delay caused the unreasonable resolution of Steve Schiller's motion To Dismiss. As the § Ninth Amended Complaint was not considered by the trial Court during the 6-1-15 hearing granting the motion To Dismiss. This is light of the fact that Plaintiff timely amended his complaint on 5-29-15 under State and Federal law.

Further the amendment undisputedly invested with merit Plaintiff's Due Process claim that his Right to A speedy Appeal was violated. Due to the Ninth Amended Complaint contained the Barker v Wingo 407 U.S. 514 (1972) elements necessary for this legal theory. See Plaintiff's Ninth Amended Complaint file marked on 6-15-15. at page 54-56 paragraphs 138-142. Notwithstanding the liberality courts view pro se pleadings. Unrepresented Plaintiff's are not relieved of their obligation to allege sufficient facts to support a cognizable legal claim. see Taylor v Books A million, Inc. 296 F3d 376, 378 (5th Cir 2002); Also see Rheuark v Shaw 628 F2d 297, 302 (5th Cir 1980) (Due Process can be denied by any substantial Retardation of the Appellate process including an excessive delay in furnishing the transcription of testimony necessary for the completion of an appellate record) The Fifth Circuit went on to note that the

Plaintiff's motion For New Trial T.R.C.P. 320 page 4 of 26

Barker factors are preferred since the reasons for construing appellate delay analogous to motives underpinning the sixth Amendment Right to A Speedy trial. Id at 304. Although Mr. Schiller forwarded Plaintiff some of the pretrial hearing transcripts on 5-2-12. Nearly eight years after Plaintiff submitted his Notice of appeal on 5-20-04. This is not dispositive. See Exhibit "A" hereto attached and incorporated for Steve Schiller's letter to Plaintiff. Because the excessive delay in furnishing a pretrial transcript to be used on appeal for post conviction relief can amount to a deprivation of Due Process, even where the complaining party is ultimately provided the requested transcript. See Delany V Caldwell 741 F2d 1246, 1247 (10th Cir 1984)

Plaintiff was further injured due to the untimely forwarding of the mailpiece containing the Ninth Amended §1983 to the Court and/or the untimely filing of the Complaint by the Clerk's office. Because it was mandatory for Plaintiff's pleadings to reflect that his action was for prospective injunctive relief and not a complaint of past conduct to entitle plaintiff to the injunctive relief sought in the instant case. Although Plaintiff sued Steve Schiller for his failure to prepare and furnish plaintiff a complete and sufficient record on appeal. which in turn resulted in Plaintiff's First Appeal As A matter of Right to be resolved on that incomplete and insufficient record back in 2004 and 2005 respectively. Past exposure to illegal conduct does not in

itself show a present case or controversy regarding in-junctive relief if unaccompanied by any continuing, present adverse effects. See City of Garland v Riveria 146 SW 3d 334 (Tex. App. Dallas 2004); Jones v City of Dallas 254 F3d 551 (5th Cir 2001). Thus as these facts and authorities sustain plaintiff has showed injury and the presence of a circumstance beyond his control that prevented his timely action to protect his interests. In having his Ninth Amended § 1983 Complaint before the District Court in the Court's resolution of Steve Schiller's motion To Dismiss. See Lehman 154 F3d at 1017.

## II

## The 6-1-15 Judgment must Be Set Aside To Allow The Amendment Of The Pleadings with The Ninth Amended Complaint And the Supplement To The Ninth Amended Complaint

Plaintiff moves this Court to vacate its judgment to allow the necessary Amendment to invest Plaintiff's constitutional claims with merit. Plaintiff moves the Court in light of the fact that the Ninth Amended § 1983 Complaint was timely filed on 5-29-15 before the entry of judgment was entered by this court on 6-1-15. Supreme Court precedent created the special rule for Prose prisoner litigants who file legal papers by mail. See Houston v Lack 487 US.

Plaintiff's motion For New Trial T.R.C.P. 320 page 6 of 26

266, 274-76 (1980). A pro se prisoner's papers are deemed filed when they are turned over to prison officials. see Affidavit at pages 1 and 2 paragraph 2. Also see Garvey V Vaughn 993 F2d 776, 782-83 (11th Cir 1993) (civil Rights and Federal Tort claims Act Complaint); Lewis v Richmond city Police Dep't 947 F2d 733, 735-36 (4th Cir 1998) (civil Rights Complaint); Cooper v Brookshire 70 F3d 377 (5th Cir 1995); Spotville v Cain 149 F3d 374, 378 (5th Cir 1998) (Holding A Federal Petition is filed on the date it is placed in the prison mail system); Edwards v United States 266 F3d 756, 758 (7th Cir 2001); warner v Glass 135 SW3d 681 (Tex 2004); Villareal v State 199 sw3d 30 (Tex App. San Antonio 2006).

Some Courts hold that once a case has been dismissed with or without prejudice leave to file subsequent amendments to pleading lapses. only if a district Court dismisses without prejudice and expressly grants leave to amend will the possibility of amending pleading still exist. See mirpuri v ACT Manufacturing Inc. 212 F3d 624 (1st Cir 2000). See also Rodriguez v United States 286 F3d 972, 980 (7th Cir 2002) (After judgment is entered, presumption in favor of leave to amend is inapplicable, and party must pursue relief under rule 59 or 60(b); Building Industry Ass of Superior California v Norton 247 F3d 1241, 1245 (DC Cir 2001) (ordinarily post-judgment amendment of a complaint under Rule 15(a)

requires reopening of the judgment pursuant to Rule 59(e) or 60(b)); Velma v Eureka Co. 218 F3d 458,468 (5th Cir 2000)(After grant of Summary Judgment, leave to amend complaint can only occur once the judgment itself is vacated under Fed.R. Civ.P. 59 or 60); Ahmed v Dragovich 297 F3d 201 (3d Cir 2002) (once final judgment is entered, Rule 15 is inapplicable unless a party obtains relief under Rule 59 or Rule 60, unless judgment is set aside, party cannot use rule to amend).

## III

The Below Argument and Authority will Address Each General Denial, Each Allegation of Entitlement To Immunity And Argument Contained in Schiller's First Amended Answer and motion To Dismiss Pursuant To Chapter 14 of the Tex. Civ. Prac. Remedies Code

Plaintiff addresses Steve Schiller's motion To Dismiss As Follows below with corresponding sections and paragraphs as contained and numbered in his motion to Dismiss:

## I
### Original Answer

(A) General Denial

Although Steve Schiller the Court Reporter denied each and every, all and singular, the Allegations contained in Plain-

Plaintiff's motion For New Trial T.R.C.P. 320 page 8 of 26

tiff's Petition and any Petition which Plaintiff may hereafter file by way of amendment or Supplement, and demands strict proof thereof by a preponderance of the evidence. The undisputed evidence confirms that due to steve schiller's incompetent Reporting practices. Plaintiff's direct Appeal was decided on An incomplete record and insufficient record. Because Mr. Schiller failed to prepare and furnish records that were necessary for the meaningful resolution of appeal. Mr. schiller further made a misrepresentation to Plaintiff about the matter when Plaintiff made an inquiry to Mr. schiller concerning the omitted Pre-trial records. At which time Mr. schiller stated: "The records Plaintiff were inquiring about did not belong to the attempted murder case but instead were erroneously alleged by Mr. schiller to belong to hearings on other cases Plaintiff also had pending at the time.

Mr. Schiller admitted the same on 3-29-12 in his answer to the Court Reporter's Certification Board (hereafter C.R.C.B) in response to Calton's complaint. See Exhibit "B" hereto attached and incorporated. The C.R.C.B. found Mr. schiller to be incompetent. Due to his failure to prepare transcripts for pretrial hearings that were properly requested by Calton and for failing to make reasonable inquiries about the extent of the record. See Exhibit "C" hereto attached and incorporated. Plaintiff also has established with the undisputed evidence that due to

Plaintiff's motion For New Trial T.R.C.P. 320 page 9 of 26

Mr. Schiller's incompetent Reporting Practices. Has resulted in the Substantial Retardation of The Appellate Process. Because plaintiff has yet to have the opportunity to Appeal The 213th Judicial Court's denial of His motion To Dismiss For Want of speedy Trial or The Brady violation. This is so because Steve Schiller did not confirm the pretrial records were relevant to the underlying conviction and did not furnish those records until 5-2-12. See Exhibit "A", supra. Exhibit "B" supra.

These facts are the crux and form the factual basis for each and everyone of Plaintiff's claims as alleged in the Ninth Amended Complaint and Supplement thereto. Thus as the undisputed evidence establishes that Mr. Schiller's generali denials are wholly baseless and the undisputed evidence is strict proof well beyond the preponderance of credible evidence necessary to impose liability on Steve Schiller. For his failure to provide plaintiff a complete and sufficient Record As Court ordered. For Plaintiff's First Appeal As A matter of Right.

(B) Qualified Immunity

Plaintiff did not sue Steve Schiller for money damages under §1983. Plaintiff merely seeks prospective injunctive relief under §1983. By suing Mr. Schiller in his official capacity. See Ninth Amended Complaint at page 4. Qualified Immunity does not extend to suits for injunctive or declaratory relief under §1983. See

Chrissy F. by Medley v Miss. Dep't of Pub. Welfare 925 F2d 844, 849 (5th Cir 1991). Qualified Immunity therefore does not protect Mr. Schiller for the injunctive relief Plaintiff seeks.

(C) <u>Sovereign Immunity</u>

Although it may have been ambiguous in Calton's initial Complaints. But Calton did not sue Steve Schiller in his official capacity to recover money damages under the Common Law Claims of Negligence, Negligent misrepresentation, Breach of Fiduciary Duty, Fraud By Non-Disclosure, and Fraud/Intentional misrepresentation. But irrespective of that fact Calton also sued Mr. Schiller in his individual capacity. See Ninth Amended Complaint at page 4. Government officials sued in their individual capacity may not rely on the defense of sovereign immunity but may raise the defense of official Immunity. See Nueces County v Ferguson 97 SW3d 205, 215 (Tex. App. Corpus Christi 2002, no pet). Thus Mr. Schiller is not protected from suit or liability when sued in his individual capacity.

(D) <u>Official Immunity</u>

Mr. Schiller as a governmental employee would only be entitled to official immunity if he is (1) performing discretionary duties

Plaintiff's motion For New Trial T.R.C.P. 320 page 11 of 26

that are (2) within the scope of his authority and (3) performed in Good Faith. See City Of Lancaster v Chambers 883 SW2d 650, 653 (Tex 1994). In determining whether Mr. Schiller is immune, there first must be a determination made by this Court whether Mr. Schiller was performing discretionary duties when the alleged acts and/or omissions occured in the preservation and prepa- ration of the Record on Appeal and any and all other official duties while carrying out his duty as an official Court Reporter.

Discretionary actions are entitled to protection under of- ficial immunity but ministerial actions are not. See Ballantyne v Champion Builders, Inc 144 SW3d 417, 425 (Tex 2004). An action is ministerial if it is one that is defined with such precision that no discretion or judgment is left for the actor. Id at 425. In other words, if the official has to commit the action without any choice in complying, the act is ministerial. Id at 425. However if the action requires "personal deliberation, decision, and judgment, then the action is discretionary Id at 425. When the 213Th Judicial Court entered its order on 5-20-04 that ordered Steve Schiller to prepare and furnish a Reporter's Re- cord to be used by Calton in perfecting the Appeal in the At- tempted murder Case. See Exhibit "D" hereto attached and incorporated for said order. As this Court order confirms and the below authority further substantiates. Steve Schiller pos- sesses no exercise of deliberation, decision or judgment while

Plaintiff's motion For New Trial T.R.C.P. 320 page 12 of 26

carrying out his official duties as a Court Reporter. The preparation of the trial record requires skill and training, but does not involve Judicial decision making. See Dallas County v Halsey 87 Sw3d 552, 557 (Tex 2002). The preparation of the record does not necessitate the use of discretion, but is more in the nature of ministerial or administrative task. Id at 557 (citing Antoine v Byers and Anderson, Inc 113 S.Ct 2167 (1993)). Court Reporters are not afforded any discretion in the carrying out of their duties. See Antoine 113 S.Ct. at 2172. Also see McLallen v Henderson 492 F2d 1298, 1299 (8th Cir 1974) (Court Reporter's duties are ministerial, not discretionary in nature). Thus Mr. Schiller is not entitled to official Immunity. Because official immunity extends only to discretionary actions but not to ministerial ones. See Kassen v Hatley 887 Sw2d 4, 9 (Tex 1994). Mr. Schiller had no choice to Provide Calton a complete and sufficient record at state expense. See Exhibit "O" supra.

## Motion II To Dismiss

(A) Frivolous Claim

Plaintiff concedes that his Constitutional Claims under § 1983 may have been frivolous and subject to dismissal under chapter 14 of the Tex. Civ. Prac. and Remedies Code § 14.003. However Plaintiff has since Amended and Supplemented his constitutional claims and invested those claims with merit. By alleging the necessary elements of a

Plaintiff's motion For New Trial T.R.C.P. 320 page 13 of 26

Constitutional violation due to the Resolution of Appeal on An Incomplete and insufficient record. see Plaintiff's supplement to his Ninth Amended Complaint at page 1. Also see Plaintiff's Ninth Amended Complaint at pages 54-56 paragraphs 138-142. Listing the necessary Barker Factors to invest Plaintiff's Claim of Being Denied A speedy Appeal with merit.

(B) <u>Plaintiff's Claims</u>

Plaintiff has alleged a total of three constitutional claims under §1983 and Five Common Law Claims under State Law. See Ninth Amended Complaint at pages

(C) <u>No Basis In Law or Fact</u>

(1) <u>§1983 Claim</u>

The Defendant's reliance of Heck v Humphrey 512 U.S. 477 (1974) for his contention that plaintiff's §1983 Claims have no basis in law or fact. Contending that if plaintiff were to prevail on his Constitutional claims brought in this lawsuit it would necessarily imply the invalidity of his conviction. Id at 487. However defendant's interpretation of "Heck" is incorrect. Due to the fact that Calton is merely seeking a complete and sufficient transcript and the subsequent Out-of-Time-Appeal to utilize said records. In all

Plaintiff's motion For New Trial T.R.C.P. 320 page 14 of 26

probability the complete and sufficient record and the out-of-time-Appeal to utilize said record may "enhance eligibility" for earlier release. But in no way does the injunctive relief Plaintiff seeks "Create Entitlement" for his earlier release. In this Court Resolution and review on the merits of the instant motion. Has a duty to consider the distinction between relief that merely seeks to "Enhance eligibity" for earlier release and that which would "Create Entitlement" for earlier release. As noted by the Fifth Circuit in Serio V members of Louisiana State Board of Pardons" when considering a challenge to the procedures employed in determining prisoners' eligibility for parole, the Court explained that "even in some broad-based attacks, resolution of the factual allegations and legal issues necessary to decide the §1983 claim may, in effect automatically entitle one or more claimants to immediate or speedier release. And such claims must be pursued through habeus Corpus. See 821 F2d 1112, 1119 (5thCir 1987)

   The Fifth Circuit made it clear for the lower courts. That in their determination of whether resolution of a claim would automatically entitle a claimant to immediate release, the "Serio" court explained that Courts must consider the distinction between Claims that would merely enhance eligibility for earlier release and those that would create entitlement for earlier release. Id at 1119.

   All that is needed for this Court's equitable resolution of Calton's Claims under §1983. Is to review Rheuark VShaw

Plaintiff's motion For New Trial T.R.C.P. 320 Page 15 of 26

547 F2d 1257, 1259 (5th Cir 1977). which is a case directly on point with the facts and circumstances of the instant case. This Fifth Circuit authority confirms that Plaintiff's claims under § 1983 are not only cognizable but Plaintiff is also undisputedly entitle to relief on said claims. As the undisputedly and incontrovertible evidence confirms. See Exhibits "A", "B", "C" and "D", supra. In "Rheuark" indistinguishable from the circumstances of the instant case concerned the controversy that is much more intertwined with administration of the state Appellate courts. See 547 F2d 1257, 1259 (5th Cir 1977). Right on point with "Rheuark" is the fact that Plaintiff in the instant case does not ask for any relief from his sentence in this action, nor does Plaintiff ask the 153rd Judicial Court to order him released from confinement or modify in any respect, the conditions of confinement Id at 1257. The only possible effect this Action might have on Calton's confinement will be that, if he can obtain the transcripts to appeal, and the out-of-time-appeal is granted, should the appeal be successful, he would escape confinement, on the state sentence.

However Calton would not escape confinement so by order of the 153rd Judicial Court, but instead as a result of a decision obtained from The second District of Texas Court of Appeals. Id at 1259. The Fifth Circuit has consistently held if "A favorable determination would not automatically entitle the prisoner to accelerated release. The proper vehicle is a § 1983 claim. See Orellan v Kyle 65 F3d 29,31 (5th Cir 1995); Carson v Johnson

Plaintiff's motion For New Trial T.R.C.P. 320 Page 16 of 26

112 F3d 818, 821 (5th Cir 1997) (Court stating Carson has alleged that such reassignment from administrative segregation would make him eligible for parole, he has not alleged that such reassignment would automatically shorten his sentence or lead to immediate release. The parole decision would still be within the discretion of the parole board); Cook v TDCJ Trans. Pla. Dept. 37 F3d 166, 168 (5th Cir 1994) (Because a successful suit would merely enhance eligibility for accelerated release and thus "has an indirect effect on the determination of whether a claimant eventually receive parole." The Fifth Circuit held that the prisoner had brought a § 1983 claim). Simply put the Injunctive relief Calton seeks would merely him eligible for both a complete and sufficient record on appeal and the out-of-Time-Appeal to utilize said record. See Carson 112 F3d at 821. Additionally Calton does not attempt to attack his conviction or sentence. Nor does Calton seek to shorten his sentence in any way or obtain immediate release. See Preiser v Rodriguez 411 U.S. 475 (1973)

Finally the cases relied on by Defendant in his motion To Dismiss. In particular Vasquez v Dunn 2011 WL 587842 (N.D. Tex Sept. 8, 2011); Penley v Collin County, Tex 446 F3d 572, 573 (5th Cir 2006); mims v Anderson 350 Fed App X 351, 352 (11th Cir 2009); Holmes v Garcia 101 F3d 697 (5th Cir 1996) all have one thing in common that distinguishes then from the instant case. Each one of those plaintiffs either sought money damages under § 1983 and/or sought relief from the conviction or sentence. And Heck v Humphrey barred each

one of these litigants claim. However Heck v Humphrey has no bearing on Calton's Claims nor the relief Calton seeks.

## (2) State Claims

Under this paragraph in his motion to Dismiss Steve Schiller initially argued that As a Government employee he was entitled to sovereign and official immunity for acts allegedly committed in performance in his official duties. Citing Cloud v McKinney 228 Sw3d 326, 335 (Tex. App. Austin 2007, no pet). That argument has already been addressed above by Plaintiff, where authority makes clear that when a government employee is sued in his individual capacity for actions or inactions committed while performing his ministerial duties. He is not entitled to sovereign or official immunity. See Ferguson 97 sw3d at 214 and Kassen 887 sw2d at 9 respectively.

Steve Schiller then goes on to argue that Governmental entities and their employees acting in the official capacity are immune from suit for damages, unless there is an explicit waiver of that immunity. And that the only waiver of immunity for negligence cause of action is the Texas Tort Claims Act. And to sufficiently plead a Cause of action within the Texas Tort Claim Act there must be an allegation of bodily injury suffered through the use of a motor-driven vehicle or through the condition or use of real or personal property. Citing Tex. Civ. Prac and Remedies Code § 101.021.

However as noted above and clearly spelled out in the Ninth Amended Complaint Calton sued Steve Schiller in his individual

Plaintiff's motion For New Trial T.R.C.P. 320 page 18 of 26

Capacity to recover money damages from him under Common Law. See Ninth Amended Complaint at page 4. Calton Concedes that because the Texas Tort Claims Act is the only avenue for Common Law Recovery against the government, all tort theories alleged against a government unit, are under the tort claims act. See Newman v Obersteller 960 So 2d 621, 622 (Tex 1997). However Calton did not sue the Government Unit Tarrant County or Criminal District Attorney of Tarrant County. Thus they are not named defendants in this lawsuit. Instead Calton as an injured claimant opted to proceed on viable common law claims against Steve Schiller in his individual capacity. Common Law claims in this context are not proscribed by the amended statutory provisions of § 101.106. When Calton chose to pursue claims against Steve Schiller in his individual capacity, he was opting out of the Texas Tort Claims Act. See Villason v O'Rourke 166 SW 3d 752, 761 (Tex. App. Beaumont 2005). Thus the state law claims should not have been dismissed.

## IV

The motion To Dismiss Filed By Tarrant county and/or the Defendant Criminal District Attorney Office Of Tarrant County Should Not Have Been Granted

The motion To Dismiss Filed on 1-26-15 By Tarrant County, Texas, Requesting that the suit be dismissed, or in the alternative, the Tarrant County prayed that plaintiff recover nothing in his suit and that Tarrant County, recover costs of Court. And Tarrant County, Texas Further seeking any and all

such relief as It showed itself justly entitled. From a reasonable reading of the Prayer For Relief in this motion filed on 1-26-15. One can only come to the conclusion that this motion was filed By Tarrant County, Texas As though it was a defendant in this lawsuit. This Court should take Judicial notice of the fact the Prayer for Relief has Tarrant County Requesting a laundry list of relief. The Prayer does not mention steve schiller at all but Tarrant County, Texas appears no less than four times. See the Prayer verbatim As Follows: As printed on Page 5 of the motion To Dismiss filed on 1-26-15

wherefore premises Considered, Tarrant County, Texas, requests that this suit be dismissed as provided herein. Or in the alternative, the Tarrant County, Texas, prays that Plaintiff Allen "F" Calton recover nothing by his suit and that Tarrant County, Texas recover costs of court. Tarrant County, Texas further seeks any and all such relief as it shows itself justly entitled.

It is quite clear this motion was filed by Tarrant County, Texas and/or <u>Defendant</u> Criminal District District Attorney of Tarrant County, Texas. see The bottom of each of the six pages of the relevant motion to Dismiss. where the words verbatim are " <u>Defendant cRiminal District Attorney of Tarrant County, Texas' First Amended Answer and motion To Dismiss Pursuant To Chapter 14 of the Texas Civil Practice And Remedies Code</u>.

This is of importance because Tarrant County, Texas

Plaintiff's motion For New Trial T.R.C.P. 320 page 20 of 26

nor The criminal District Attorney Of Tarrant County, Texas are Defendants in this lawsuit. Assuming arguendo that Calton sued Steve Schiller in both his individual and official capacity. This is not dispositive. Because a lawsuit against Steve Schiller in his official Capacity is not Perse a Lawsuit against Tarrant County or any other Governmental Unit thereof. Section 101.106 as a whole treats claims against employees in the "official capacity" as different from claims against "governmental Unit". See Quarterman v Hampton 321 SW3d 864, 867 (Tex. App. Houston [1st Dist] 2010), under the Plain meaning of the statute, a "governmental employee" is different from a "governmental unit". The definition of "governmental Unit" does not include parties sued in their official capacity, rather it refers to governmental entities. Id at 367 (citing Tex. Civ. Prac and Rem Code Ann § 101.001(3))

Therefore neither Tarrant County or the District Attorney As A Defendant could File A motion in this civil Action. That would have any merit or force in this lawsuit to have Plaintiff's claims against Steve Schiller dismissed. Because Calton's suit was not brought against both the Government Unit Tarrant County and Steve Schiller. The trial Court should not have Granted Tarrant County's motion To Dismiss pursuant to Tex. Civ. Prac and Rem Code 101.106(e) see Quarterman 321 sw3d at 869 (Holding because the suit in the present case was not brought against both a governmental unit and its employees, the trial Court properly denied the § 101.106(e) motion To Dismiss Filed by the governmental unit).

Plaintiff's motion For New Trial T.R.C.P 320 page 21 of 26

Further due to Tarrant County Filing a motion To Have Plaintiff's Claims against steve schiller dismissed. And Tarrant County is not a defendant in this lawsuit. The terms of §101.106(e) only provide for steve schiller's dismissal from suit if the suit was filed both against Mr. schiller and Tarrant County on the filing of a motion By Tarrant County. However as noted above Tarrant County could not file a meritorious motion in this case. In the absence of a meritorious motion Filed by Tarrant County Mr. schiller was not entitled to a dismissal pursuant to §101.106(e) See Hernandez v City of Lubbock 253 sw3d 750, 756 (Tex. App. Amarillo 2007)', Tex. Dept of A g. v Calderon 221 sw3d 917, 924 n.6 (Tex. App Corpus Christi 2007 no pet. h) (noting 101.106 (e) "not implicated" when motion to dismiss filed by employee rather than governmental). Thus also confirming even if schiller filed the motion he is still not entitled to relief under §101.106(e).

<u>V</u>

<u>Plaintiff's State Law Claims were Brought Against Mr. schiller In His Individual Capacity and Trial Court Erred By Concluding That Plaintiffs Claims were Against steve Schiller In His Official Capacity</u>

The Crux Of The Motion To Dismiss Filed on behalf of steve schiller, Is based on the fact that since Plaintiff sued Mr. schiller for negligence, breach of fiduciary duty and fraud. And since Mr. schiller was sued herein

Plaintiffs Motion For New Trial T.R.C.P. 320 page 22 of 26

for acts committed in performance of his official duties as a government employee. Automatically entitled Mr. Schiller to sovereign and official immunity. Citing Cloud 228 sw3d at 335. See motion To Dismiss at page 4. Defendant then goes on to contend that Governmental Entities and their employees acting in their official capacity are immune from suits for damages, unless there is an explicit waiver of that immunity. See motion To Dismiss at pages 4 and 5. Defendant then goes on to contend the only waiver of immunity for negligence cause of action is the Texas Tort Claims Act. And that to sufficiently plead a cause of action within the Texas Tort Claims Act there must be an allegation of bodily injury suffered through the use of a motor-driven vehicle or through the condition or use of real or personal property. Citing Tex. Civ. Prac. Rem code § 101.021. Id at page 5

The motion To Dismiss then concludes that Calton has made no allegation that fits within the limited waiver of the Texas Tort Claims act. And that therefore, Calton has not alleged a claim under state law with any arguable basis of law or fact to suggest any waiver of Schiller's official immunity for the state law claims. Id at page 5. In essence the motion to Dismiss sought relief under Tex. Civ. Prac. Rem. Code § 101.106 (f). And was erroneously granted thereon by the

Plaintiff's motion For New Trial T.R.C.P. 320 Page 23 of 26

Trial Court. Calton's contention However is that he did not sue mr. Schiller in his official Capacity. Calton sued mr. Schiller in his individual capacity and Calton seeks to recover damages from steve Schiller, not Tossant County iTexas, on his common-law claims under Statelaw.

To determine whether Calton's suit is against steve Schiller in his official capacity or in his individual capacity this court has to look no further than the language of § 101.106(f), which provides that "if a suit is filed against an employee of a governmental unit based on conduct within the general scope of that employee's employment and if it could have been brought under this chapter against the governmental unit, the suit is considered to be against the employee in the employee's official capacity only." see Tex. Civ. Prac. and Ren. Code § 101.106 (f) (emphasis added)

However, to be entitled to a dismissal under §101.106(f) a defendant must show that the Plaintiff's suit (1) was based on conduct within the general scope of the defendant's employment with a governmental unit and (2) could have been brought under the Texas Tort Claims Act against that governmental unit. see Phillips v Dafonte 187 Sw3d 669, 675 (Tex. App. Houston [14Th Dist] 2006 no pet). Plaintiff will concede that mr. Schiller can meet the first requirement of §101.106(f). It is undisputed that due to mr. Schiller's incompetent Reporting Practices .. was the proximate cause of Plaintiff's injuries and damages resulting in Plaintiff to file

Plaintiff's motion For New Trial T.R.C.P. 320 page 24 of 26

his lawsuit against Steve Schiller. However, in the defendant's motion To Dismiss no showing has been made of § 101.106(f)'s second requirement. That Calton's claim could have been brought against Tarrant County. The Tort Claims Act waives sovereign immunity in three areas. See County of Cameron v Brown 80 SW3d 549, 554 (Tex 2002).

In Calton's Complaint, he alleges that Steve Schiller violated the duty owed to Calton to exercise the ordinary care and diligence exercised by other Court Reporters in the same or similar circumstances in connection of the preparation of the Record on Appeal For the underlying conviction. Such a claim is, quite simply, a claim of Negligence and is not encompassed by the Texas Tort Claim Act's limited waiver of sovereign immunity. See williams v Nedon 199 SW3d 462, 466 (Tex App [1st Dist] 2006). Because negligence among other things are the basis for Calton's claim against Mr. Schiller, Mr. Schiller cannot meet the second requirement of § 101.106(f). That is Mr. Schiller has not shown that Calton's claims could have been brought against Tarrant County under the Texas Tort Claims act. Williams 199 SW3d at 466. Also see Phillips 187 SW3d at 676-77. For these reasons Mr. Schiller was not entitled to a dismissal of the claims against him under state common law.

## VI

## Prayer

Wherefore, premises considered, plaintiff respectfully prays and moves this court to grant his motion For New Trial

Plaintiff's motion For New Trial T.R.C.P. 320 page 25 of 26

and/or vacate its judgment to Allow The Amendment of the Pleading with The Ninth Amended Complaint and supplement thereto and reconsider its judgment in light of the Amendment and/or Vacate its judgment to Allow The Amendment of The Pleading with the Ninth Amended Complaint and supplement thereto. so that these pleadings will become the Live Pleading And the Appellate Court Can Conduct A De Novo Review of Court's Dismissal In The Light Of The Amendments. Plaintiff further moves for any and all other relief he may Justly be entitled to by law and equity.

Respectfully Submitted,
Allen "F" Calton

## Verification

I, Allen "F" Calton #1123880, incarcerated at the Stiles unit, in Jefferson, County, hereby declare and state under the penalty the foregoing facts contained herein are true and correct and are based upon personal Knowledge.
Executed on 6-22-15  Allen "F" Calton

## Certificate Of Service

I, Allen "F" Calton #1123880, incarcerated at the Stiles Unit, in Jefferson County, Texas due hereby declare and state under the penalty of perjury that the foregoing was turned over to prison officials by depositing the same in the prison mail box in a postage prepaid envelope addressed to Distinct Clerk Thomas Wilder 401 w. Belknap, Ft. worth, TX. 76196 Certified mail Label # 7014 1200 0000 1546 8281 and First class mailed to Christopher Ponder 401 w. Belknap, Ft. worth, TX. 76196 On June 22, 2015.
Executed on 6-22-15  Allen "F" Calton

Plaintiffs motion For New Trial T.R.C.P. 320 page 26 of 26

May 2, 2012

Dear Mr. Calton:

I am enclosing the four hearings that I took. These dates not only match up with my records, but the Tarrant County Clerk has verified that these were the ones I took. My name was listed as the reporter on the proceedings sheets in the clerk's file for these four hearings and no more.

Sincerely,

Steve Schiller

Exhibit "A" page 1 of 1

March 29, 2012

Court Reporter's Certification Board
P.O. Box 13131
Austin, Texas 78711-3131

Reference: In the Matter of Steve Schiller, Cause No. 12-4665-22

Dear Sirs, I am writing this letter in answer to a complaint made against me by Mr. Allen F. Calton.

To begin, let me state that I am no longer the official reporter for the 213th District Court. I have no access to records or anything else the general public can't get.

Mr. Calton's main complaint seems to be the fact that he is missing some pretrial hearings from his attempted murder trial that was held back in 2004 where Mr. Calton was found guilty and sentenced to a substantial length of time.

My misunderstanding arose because we had been doing pretrial hearings on several of Mr. Calton's cases for somewhere around six months along with his attempted murder case. Mr. Calton was representing himself on a Motion to Suppress in two cases and was successful in excluding the evidence on both cases.

At the time I prepared the record for appellate purposes for the attempted murder case, I went to the date where I thought the pretrial hearings for the attempted murder case at hand began, and I prepared those for the Reporter's Record. However, I was wrong about where those pretrial cases started. Some of them were hybrid, though not obvious, covering all his cases. Therefore I didn't transcribe those since I didn't think they were relevant to the case at hand, the attempted murder case.

As mentioned in Mr. Calton's complaint, I did have a conversation with Mr. Barry Alford, the appellate attorney, and I told him what I thought to be true at the time, that those pretrial hearings did not belong with the attempted murder case. Why would I lie to Mr. Alford? More hearings mean more work for me and more money. What possible motive could I have to have lied to Mr. Alford about the hearings? I obviously wasn't at work on the day of the other hearings Mr. Calton referred to.

The first notification I had from anyone about this problem was when Mr. Calton sent me a letter containing some if not all of the allegations in his complaint filed with the Board. This trial was in 2004, some eight years ago. It took some time to go through archived records and find my

*Exhibit "B" page 1 of 2*

RECEIVED APR 05 2012
TEXAS COURT REPORTERS
CERTIFICATION BOARD

notes.   Within about three to four days from the day Mr. Calton sent me the letter and before I could respond to him, I received the complaint from the Board.

Even though payment arrangements have not been made, I went ahead and prepared four of the eight hearings he requested where I was the reporter.   After an exhaustive search of my records, I am of the opinion that I was not the reporter on any of the remaining hearings, nor do I have any information concerning which reporters reported the other hearings or how to contact them. I did notice that Mr. Calton had their names as well as their license number.  I contacted the District Clerk's office in Tarrant County, and they had no notation as to who the reporter was on those dates.

At this point I don't know what else I can do.  I have prepared the hearings that I did report.   I could send them to him at this point; however the matter of payment would have to be discussed. Or should I hold on to these records until the preliminary hearing?

Sincerely,

Steve Schiller, CSR

Exhibit "B" page 2 of 2

CAUSE NO. 12-4665-22

IN THE MATTER OF § BEFORE THE COURT REPORTERS
 §
STEVE SCHILLER § CERTIFICATION BOARD

## FINAL ORDER

The above styled and numbered matter came to be considered on the 12th day of October, 2012, before the Texas Court Reporters Certification Board (Board). The Respondent, Steve Schiller (Respondent) appeared pro se. The Board makes the following summary of evidence, findings of fact, conclusions of law, and final order.

### I.
### Summary of Evidence

The Respondent has been a certified shorthand reporter since July 19, 1991. A complaint was filed by Allen Calton (Complainant) against the Respondent alleging that the Respondent failed to prepare transcripts for pre-trial hearings that were properly requested by the Complainant.

### II.
### Findings of Fact

1. The Respondent is a Certified Shorthand Reporter in the State of Texas, holding certification number 4665 since July 19, 1991.

2. On or about March 22, 2012, the Complainant filed a complaint against the Respondent.

3. Notice and copy of the complaint, and notice of the time, date and place of the hearing to be held on October 12, 2012, were timely sent to the Respondent by certified mail and first class mail to his address of record. The Respondent received the notice and copy of the complaint. The Board received his response on April 5, 2012.

4. The complaint alleges that, during the time the Respondent was a licensed certified shorthand reporter, the Respondent failed to prepare transcripts for pre-trial hearings that were properly requested by the Complainant.

5. Other alleged acts include failing to make reasonable inquiries about the extent of the record.

Exhibit "C" page 1 of 3

6. The Respondent appeared at the hearing on October 12, 2012 pro se.

7. At the hearing, the Board found the Respondent was in violation of the Rules Governing Court Reporter Certification, Rule X(a)(4), and imposed a private reprimand.

### III.
### Conclusions of Law

1. The Board has jurisdiction over the complaint filed by the Complainant against the Respondent.

2. The Respondent received a copy of the complaint in accordance with section 52.027(b) of the Texas Government Code and Rule X(f)(1) of the Rules Governing Court Reporter Certification.

3. Respondent received notice of the October 12, 2012, hearing in accordance with section 52.028 of the Texas Government Code and X(i)(2) of the Rules Governing Court Reporter Certification.

4. The Respondent's actions, as referenced in the above Findings of Fact, violate the following:

   Rules Governing Court Reporter Certification, Rule X(a)(4): Incompetence

### FINAL ORDER

Based upon the evidence presented in Cause Number 12-4665-22, In the Matter of Steve Schiller, the Texas Court Reporters Certification Board finds that the conduct of the Respondent, Steve Schiller, violates the Rules Governing Court Reporter Certification, Rule X(a)(4).

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED by the Court Reporters Certification Board, meeting in Austin, Texas on October 12, 2012, as follows:

That Steve Schiller is privately reprimanded.

This Final Order is adopted by the Texas Court Reporters Certification Board effective the date of the Board Chair's signature, unless otherwise provided herein.

*Exhibit "C" page 2 of 3*

SIGNED this __7__ day of __Dec_____, 2012.


_____
Ben Woodward, Chair
Texas Court Reporters Certification Board

Exhibit "C" page 3 of 3

3

CASE NO. 0843168D

| THE STATE OF TEXAS | § | IN THE ___213th___ |
|---|---|---|
| VS. | § | DISTRICT COURT___ |
| Allen Fritzgerald Calton | § | TARRANT COUNTY, TEXAS |

## ORDER APPOINTING COUNSEL FOR THE APPEAL
### AND
## ORDER FOR COURT REPORTER TO PREPARE REPORTER'S RECORD

On this day, it being made known and appearing to the Court that the Defendant is without counsel of his own selection to represent him herein, and that he is too poor to employ counsel, or give security therefor, to represent him herein and the Defendant having requested that an attorney be appointed to represent him in the above styled and numbered cause.

IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED by the Court that _____Barry Alford_____, a regularly licensed and practicing attorney is hereby appointed to represent the Defendant as his attorney, and said Attorney is hereby authorized to proceed to perform the duties of the Attorney for the defendant in this cause.

And on this day, it appearing to the Court that the Defendant in the above styled and numbered cause, has given his/her Notice of Appeal to the Court of _____ Appeals of Texas. And it being made known that the Defendant herein has filed his/her affidavit, stating the he/she is too poor to pay the Court Reporter for a Reporter's Record for such appeal or give security therefor.

The Court is of the opinion that the Defendant is entitled to the relief as prayed for.

It is therefore the ORDER of this Court that the Official Court Reporter of this Court, _____Steve Schiller_____, prepare and furnish a Reporter's Record to be used in perfecting the appeal in this cause.

_____
PRESIDING JUDGE

_____5/20/04_____
DATE SIGNED

Exhibit "O" page 1 of 1

A CERTIFIED COPY
THOMAS A. WILDER
DISTRICT CLERK
TARRANT COUNTY, TEXAS

NOV 05 2012

ATTEST
BY:_____
DEPUTY

Cause No. 153-270680-14

Allen "F" Calton
                        Plaintiff      §      In The District Court

        v                              §
                                       §      153rd Judicial
steve schiller, et al                  §
                Defendants             §      Tarrant County Texas

            order and Judgment Granting

Plaintiffs Omnibus motion For New Trial under Tex.R.Civ.P. 320
and/or motion For Reconsideration under Fed. R.Civ.P. 60(b)(1) or 60(b)(6)

    After reviewing the evidence and oral argument presented at the
hearing and after considering the same. In the resolution of Plain-
tiff's Omnibus motion For New Trial under Tex.R.Civ.P. 320 and/or
motion For Reconsideration under Fed. R.Civ.P. 60(b)(1) or 60(b)(6)
This Court is in the opinion the following order will issue.

It is hereby ordered that Plaintiff's motion For New Trial Is Granted
under Tex. R.Civ.P. Rule 320

                        _____   _____
                              date           presiding Judge

        or

    It is hereby ordered that Plaintiff's motion For Reconsideration pursuant
to Rule 60(b) is hereby granted and the court will set aside its judg-
ment To Allow The Amendment of The Pleading with The Ninth
Amended Complaint and Supplement thereto

                        _____   _____
                              Date          presiding Judge

It is further ordered that the court will Review Defendant's motion
To Dismiss in Light Of The Ninth Amended Complaint and
Supplement Thereto and Issue Findings Of Fact And conclusion Of
Law on the same

                        _____   _____
                              Date          presiding Judge

Clerk,

Re: Allen "F" Calton v Steve Schiller, et al
Cause No. 153-270690-14

FILED
TARRANT COUNTY
2015 JUL -2 AM 11: 12
THOMAS A. WILDER
DISTRICT CLERK

Please find enclosed the original and a face page of:

(1) Plaintiff's Omnibus motion For New Trial under Tex. R.Civ.P. 320 and/or motion For Reconsideration under Fed.R.Civ.P. 60(b)(1) or 60(b)(6) and order and Judgment Granting motion

(2) Plaintiff's Affidavit In Support Of His motion For New Trial

(3) Plaintiff's Notice Of Hearing By Submission For His omnibus motion For New Trial under Tex. R.Civ.P. 320 and/or motion Reconsideration under Fed.R.Civ P. 60(b)(1) or 60(b)(1)

(4) Plaintiff's Presentment Of motion and Notice Of The Requested Live Hearing By Personal Appearance or By Phone Conference on Plaintiff's Omnibus motion For New Trial or Reconsideration Of Judgment

(5) Plaintiff's Notice To The Court To Submit Findings Of Fact And Conclusions Of Law Pursuant To Tex.R.Civ.P. Rules 296 and 297 In The Resolution Of Plaintiff's Omnibus motion For New Trial or Reconsideration

(6) Letter To Patricia Cannon Requesting A Live Evidentiary Hearing

File each of the originals of the same with the papers of the Court in reference to the above styled and numbered Cause. Also file mark the face pages of the same and return them to the Plaintiff in the S.A.S.E also enclosed.

Thank You,
Allen "F" Calton

Allen "F" Calton #1123880
3060 FM 3514
Beaumont, Tx. 77705

Cause NO 153-270690-14

Allen "F" Calton
     Plaintiff

v

Steve Schiller, et al
     Defendant

In The District Court

153rd Judicial

Tarrant County, Texas

FILED
TARRANT COUNTY
2015 JUL -2 AM 11:24
THOMAS A. WILDER
DISTRICT CLERK

## Plaintiff's Affidavit In Support Of His motion For New Trial

Allen "F" Calton, the Plaintiff and the Declarant submits this Declaration sworn to under the penalty of perjury and states that he is of sound mind and over the age of 21. These facts contained herein are based upon personal Knowledge and Plaintiff can testify thereto in a Court Of law.

(1) I am the plaintiff in the above entitled cause. I make this Affidavit sworn to under the penalty of perjury in support of My motion For New Trial. To sustain the fact that Good cause exists for the Court to overturn its decision to Grant Defendant Steve Schiller's motion To Dismiss Pursuant to Chapter 14 of the Civil Practice and Remedies Code § 14.003.

(2) On 5-29-15 plaintiff turned over to prison officials his Ninth Amended § 1983 Complaint in a Postage Prepaid Envelope. Addressed

Plaintiff's Affidavit In support Of His motion For New Trial p.1 of 6

To District Clerk Thomas Wilder 401 W. Belknap St., Fort Worth, TX. 76196. By depositing the same in the prison mail box on the Stiles Unit.

(3) However for reasons unknown to Plaintiff and beyond Plaintiff's control the Ninth Amended Complaint was not filed marked by the Clerk's office until 6-15-15.

(4) On 5-30-15 Plaintiff turned over to prison officials his supplement to his Ninth Amended §1983 Complaint in a postage prepaid envelope. Addressed To District Clerk Thomas Wilder 401 W. Belknap St., Fort worth, TX. 76196. By depositing the same in the prison mail box on the Stiles Unit.

(5) However again for reasons unknown to Plaintiff and beyond Plaintiff's control the Ninth Amended Complaint Supplement was not file marked by the Clerk's office until 6-18-15.

(6) Thus it is reasonable to believe that the Ninth Amended Complaint and supplement thereto were not considered by the District Court in the resolution of steve Schiller's motion To Dismiss on 6-1-15.

(7) Once Plaintiff turns over the mail piece to prison

Plaintiff's Affidavit In support of His motion For NewTrial p. 2 of 6

officials by depositing the same in the prison mailbox in an postage prepaid envelope. Plaintiff has no control over when prison officials will take packages that weigh over 13 ounces to the post office, which was the case of the envelope containing the Ninth Amended §1983 Complaint. which meant that prison officials had to hand deliver it personally to the Post office. Due to the package weighed over two pounds.

(8) Prison mailroom officials have previously told Plaintiff that they don't personal deliver packages to the post office on a daily basis. All mail packages weighing under 13 ounces can be picked up by postman at prison. But packages weighing over 13 ounces must be personally delivered to the Post office by prison officials.

(9) This Court should take judicial notice of the fact that this is not the first time that a document was either not timely deposited in the U.S. mail system or in the alternative not timely file marked by the clerk's office. For example on 3-20-15 Plaintiff certified mail label # 7014 2870 0001 9735 2828 "Plaintiff's Omnibus motion To strike Defendant's motion To Dismiss and motion To Sanction Defendant's Attorney Christopher Ponder". However this motion was not file marked by the clerk until over a month later on 4-22-15.

Plaintiff's Affidavit In Support of His motion For New Trial p. 3 of 6

(10) Plaintiff has no idea when this "omnibus motion TO Strike" was turned over to the U.S. Postal Service by prison officials or when the clerk's office actually received this document. But it was file marked marked just one day before the requested hearing date on said motion. See file here at 4-22-15 for said motion's certificate of service at page 8 confirming that Plaintiff forwarded this document to the clerk on 3-20-15. Also see the Notice of hearing by Submission pertaining to said motion that was also forwarded to the clerk on 3-20-15 but was not file marked until 4-22-15. That put Defendant's attorney on notice of the 4-23-15 Requested hearing date.

(11) Plaintiff amended his Pleading on 5-29-15 by including the necessary Barker Factors. That invested Plaintiff's 14th Amendment Claim of being denied A speedy Appeal with merit. To sustain the fact that Plaintiff was not only injured in the past. Due the mr. schiller's incompetent Reporting Practices. But that Plaintiff is also experiencing an ongoing and continuing, present adverse effect of the excessive retardation and delay to Appeal the Trial Court's Denial of Plaintiff's motion To Dismiss For want of Speedy Trial. As well as raise the Brady violation on appeal. See Plaintiff's Ninth Amended Complaint File marked on 6-15-15 at pages 54-56 paragraphs 138-142.

(12) There was also an omission to the 9th Amended Complaint which required

the filing of the supplement to the Ninth Amended Complaint on 5-30-15. where Plaintiff included the necessary elements that sustained that Plaintiff's 14th Amendment Rights were violated Due to Plaintiff's Direct Appeal was resolved on an incomplete and insufficient record. which was also caused by mr. Schiller's incompetent reporting Practices. Specifically the following elements were included:

"The inadequate Record on Appeal Provided To Calton hindered and impeded Calton to pursue two non-frivolous legal claims on Appeal. Thus Calton's Appeal was not fundamental fair and that the resulting Affirmance of Calton's Conviction by the second District Of Texas Court Of Appeals was unreasonable and the Affirmance Of Calton's conviction was not reliable" See Plaintiff's Supplement to the Ninth Amended Complaint file marked on 6-18-15 at page 1.

(13) There were no Amendments made to Plaintiff's state law Claims in the Ninth Amended Complaint or the supplement thereto. Plaintiff chooses to stand on those claims as alleged. And will challenge the Court's Dismissal of the same on the ensuing appeal if the Accompanying motion For New Trial is not granted.

Respectfully Submitted,
Allen "F" Calton

Plaintiff's Affidavit In Support Of His motion For New Trial p. 5 of 6

## Verification

I, Allen "F" Calton #1123880, incarcerated at the Stiles Unit, in Jefferson County, Tx. I am competent and of sound mind and over the age of 18 years old, due hereby declare and state under the penalty of perjury that the foregoing facts are true and correct and are based upon personal knowledge and I can testify to the same in a court of law.
Executed on 6-22-15     Allen "F" Calton

## Certificate Of Service

I, Allen "F" Calton #1123880, incarcerated at the Stiles Unit, in Jefferson County, Texas due hereby declare under the penalty of perjury that the foregoing was turned over to prison officials by depositing the same in the prison mailbox in a postage prepaid envelope addressed to District Clerk Thomas Certified mail Return Receipt Requested Label # 7014 1200 0000 1546 8281 and First Class mailed to Christopher Ponder 401 W. Belknap St., Ft. Worth, TX. 76196 on June 22, 2015. Executed on 6-22-15    Allen "F" Calton

Plaintiff's Affidavit In Support of this motion For New Trial p.6 of 6

Cause No. 270690-14

Allen "F" Calton
        Plaintiff

V

Steve Schiller, et al
        Defendants

In The District Court

153rd Judicial

Tarrant County, Texas

FILED
TARRANT COUNTY
2015 JUL -2 AM 11:25
THOMAS A. WILDER
DISTRICT CLERK

Plaintiff's Notice To The Court To Submit Findings Of Fact And Conclusions Of Law Pursuant To Tex. R. Civ. P. Rules 296 and 297 In The Resolution Of Plaintiff's Omnibus Motion For New Trial or Reconsideration

Now Comes Plaintiff and Puts the Court on Notice That in the Court's Resolution of Plaintiff's Omnibus Motion For New Trial under Tex. R. Civ. P. 320 and/or Motion For Reconsideration under Fed. R. Civ. P. 60 (b) (1) or 60 (b)(6). That the Court after hearing the evidence and authority in Support of the Relevant Motion, That the Court Enter Findings of Fact and Conclusions of Law Pursuant to Tex. R. Civ. P. Rules 296 and 297. Affording the Appellate Court to conduct a De Novo Review in the ensuing appeal if the Relevant Motion is denied.

Respectfully Submitted,
Allen "F" Calton

Certificate Of Service

I certify that on 6-22-15, a true and correct copy of the foregoing was forwarded to Judge Susan McCoy 401 W. Belknap, Ft Worth, TX. 76196, Christopher Ponder 401 W. Belknap, Ft. Worth TX 76196 and Certified mailed Label # 7014 1200 0000 1546 8281 to District clerk Thomas Wilder 401 W. Belknap, Ft. Worth, TX 76196 on 6-22-15
Allen "F" Calton

Plaintiff's Notice To The Court To Submit Findings of Fact page 1 of 1

Cause No. 153-270680-14

Allen "F" Calton
    Appellant

    V

Steve Schiller, Sharon Keller,
Terrie Livingston, Louis Sturns
        Appellees

In The District Court

153rd Judicial

Tarrant County, Texas

FILED
TARRANT COUNTY
2015 AUG 17 AM 10:58
THOMAS A. WILDER
DISTRICT CLERK

<u>Plaintiff's Declaration Of Inability To Pay Cost For This Appeal</u>

The Following Declaration is made pursuant to the Texas Rules of Appellate Procedure Rule 20.1

Now Respectfully Comes Allen "F" Calton #1123880, and declares that I am unable to pay Court Costs in this Appeal. As confirmed by the Accompanying Inmate Trust Fund Account Statement. Thus I request leave of the court to proceed in this Appeal without paying the filing fee of $195.00 and also Request leave to receive the $1500.00 clerks record without cost for the same.

(1) I am presently incarcerated at the Stiles Unit in TDCJ where I am unemployed and I am not permitted to earn or handle money.

(2) I have no source of income or spousal income

(3) I own no real or personal property other than a 1/7 i.e. 14.28% share of a homestead residence

Declaration Of Inability To Pay Cost For This Appeal page 1 of 3

(4) I hold no cash and have no money to draw from except whatever appears in my inmate Trust Fund Account. which has the present balance of $ 0.00

(5) I have no assets of any kind except a 1/7 interest in a homestead property worth less than $10,000 dollars due to its debilitating state and has been deemed substandard and unfit to live in by the City of Fort Worth. There is also the total aggregate amount of taxes owed on said property that the City of Fort Worth has sued me and my siblings for totaling as of 6-5-15 of $2,822.90, that is subject to additional taxes, penalties, interest, and attorney's fees that accrue subsequent to the filing of this suit. See City of Fort Worth, et al v Johnnie C. Knox Cause No. 048-001642 in the 48Th Judicial in Tarrant County, Texas. My sister Johnnie Knox spent all the insurance money and also spent all the money my mother had in her bank account at the time of her death on 7-29-11.

(6) I have one dependent a 15 year old son.

(7) I owe over $60,000 dollars in back child support.

(8) I owe monthly expenses of $125.00 for child support which I am unable to pay.

(9) I cannot obtain a loan due to bad credit and the outstanding child support debt that I haven't made a payment on in nearly 15 years.

(10) No attorney is providing free legal services to me without contingent fee.


Declaration of Inability To Pay Costs For This Appeal p. 2 of 3

(11) An Attorney has not agreed to pay or advance costs.

(12) The mentally ill plaintiff lacks the skill and does not have access to equipment necessary to prepare the appendix, as required by Rule 38.5 (d)

(13) Due to I have no money in my inmate trust fund account at the present time I can pay nothing at the present time. And unless I am able to sale the homestead property any time soon before the taxes on said property exceeds the value of the property. Plus the penalties, interests and attorney fees. I will not be able to pay anything in the near future. without obtaining my 14.28% percentage of the proceeds from the sale.

## Verification

I, Allen "F" Calton # 1123880, being presently incarcerated at the stiles unit, in Jefferson county, Texas, declare under the penalty of perjury that the foregoing facts are true and correct and are based on personal knowledge.
Executed on 8-12-15    Allen "F" Calton

## Certificate of service

I hereby certify that a copy of the foregoing was first class mailed to Defendants attorney Chris Ponder 401 W. Belknap St, Ft worth, TX. 76196 and David A Harris P.O. Box 12548, Austin, TX. 78711 on 8-12-15.

Allen "F" Calton

Declaration of Inability To Pay Costs For This Appeal page 3 of 3